AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 2:20-mj-00141
)
A black, LG cell phone, serial number )
007VTBB0081741, IMEI: 356897100768414 )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A black, LG cell phone, serial number 007VTBB0081741, IMEI: 356897100768414, located in the Charleston, West Virginia Office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives

located in the _____Southen_____ District of _____West Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1); | Prohibited Person in Possession of a Firearm |
| 21 U.S.C. 841(a)(1); and | Distribution of Methamphetamine |
| 21 U.S.C. 841(a)(1) | Possession with intent to distribute methamphetamine |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Bullard, Special Agent ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____Telephone_____ *(specify reliable electronic means)*.

Date: __09/30/2020__

*Judge's signature*

City and state: Beckley West Virginia     Omar J. Aboulhosn, United States Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

A black, LG cell phone, serial number 007VTBB0081741, IMEI: 356897100768414, seized from Mark Bolling on September 19, 2020 and currently located in the Charleston, West Virginia Office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

This warrant application seeks authorization to conduct a digital forensic examination of the contents of the phone in order to obtain the following information:

All stored information to include images, text messages, emails, videos, contact lists, call logs, notes, memos, location information, IP addresses, subscriber information, application, software information, map data, calendars, and ledgers.

# A F F I D A V I T

**STATE OF WEST VIRGINIA**

**COUNTY OF Kanawha, to-wit:**

I, David Bullard, being first duly sworn, do hereby depose and state as follows:

### Affiant Training and Experience

1. This affidavit is made in support of an application for a warrant authorizing the search of a black, LG cell phone, serial number 007VTBB0081741, IMEI: 356897100768414, seized from Mark Bolling on September 19, 2020, incident to his arrest after a traffic stop on US Route 19 in the area of Maple Lane, Fayetteville, Fayette County, West Virginia. The mobile phone is currently located in Charleston, Kanawha County, West Virginia in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

2. I am currently employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since December of 2013. I am assigned to ATF's Charleston, West Virginia, Field Office.

3. I have investigated cases involving firearms related offenses, arson, crimes of violence, crimes involving individuals conspiring to violate a multitude of criminal

1

acts involving the use of firearms to perpetrate these criminal acts, the illegal sale, possession and use of firearms during the commission of these criminal acts, as well as the use, sale and possession of illegal controlled substances. I have dealt with possession of illegal firearms, and the trafficking of assorted controlled substances. I have purchased controlled substances and firearms utilizing cooperating individuals in controlled buy situations. I am familiar with the appearance, packaging, paraphernalia and distribution of Cocaine (HCL), Crack, Heroin, Marijuana, LSD, Pharmaceuticals, Methamphetamines and other commonly used street drugs. I am also familiar with several tactics utilized by firearms traffickers, and illegal possessors of firearms to distribute, acquire, maintain and possess illegal firearms.

4. I graduated from a ten (10) week criminal investigator-training course at the Federal Law Enforcement Training Center, where the course of study dealt with basic criminal investigation techniques. In addition, I graduated from the twelve week (12) Bureau of Alcohol, Tobacco and Firearms (ATF) National Academy, where a portion of the course of study dealt with violations of federal firearms laws, federal explosives laws, bomb scene investigation and

arson investigation. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Probable Cause

5. On the September 14, 2020, Task Force Officer Weaver ("TFO Weaver") and Task Force Officer Thomas ("TFO Thomas") interviewed a source of information ("SOI") regarding the trafficking of illegal narcotics, such as heroin and meth. The SOI identified the target as Mark Alan BOLLING living at 117 Keystone Drive in Charleston, WV 25311. He stated BOLLING had in his possession several firearms.

6. The SOI advised he has known BOLLING for an extended period of time and is familiar with him. The SOI stated that he has purchased illegal narcotics from BOLLING. The SOI described the address/ structure to be a yellowish in color, two story, 4 unit apartment building. SOI advised that the driveway to the apartment complex is a horseshoe and there are storage units behind it. The sources description of the BOLLING'S address has since been

confirmed by surveillance and a controlled purchase of methamphetamine.

7. The SOI stated that he has seen several ounces of meth and several ounces of heroin inside BOLLING'S residence, specifically in BOLLING's bedroom (top left apartment). The SOI stated that he has witnessed several firearms inside the residence and has personally witnessed a BOLLING trading a firearm for narcotics. The SOI believed BOLLING to be a convicted felon because BOLLING had stated he had done time in the 80-90's for weapon offences. SOI also advised that he has witnessed individuals brings firearms to BOLLING and sell them to him. SOI stated that BOLLING has asked if the firearms were stolen and the individuals advised they were, and he still purchased them from the individuals.

8. The SOI stated that he knows firearms well and believes there are approximately 20 firearms inside the apartment complex housed in a safe in the building. SOI has stated that the other units are unoccupied but used to house guns and illegal narcotics by BOLLING.

9. The SOI stated that BOLLING was driving a gray Nissan

4

(small sedan) which was a rental car. The SOI stated the car was driven by BOLLING and other females to Cleveland, Ohio. While in Cleveland, Ohio BOLLING picked up illegal narcotics, believed to be Heroin. The SOI stated that methamphetamine was supposedly acquired as well.

10. A review of records for BOLLING revealed Felony convictions in CA in 1985-Prohibited Person in Possession of Firearm, Stolen Property, 1st Degree Burglary, 1988-Possession/manufacturing/sell of dangerous weapons, 1989-Possession narcotics controlled substance, 1991- Taking vehicle without consent, 1992- Theft. In addition to the Felony convictions in CA, BOLLING has one felony conviction in WV, 2019- Delivery of Controlled Substance. BOLLING also has federal felony convictions in 1996- felon in possession of a firearm, 1997- Felon in possession of a firearm, and in 2007 violated his supervised release.

11. R.A.C Black pulled tax information from the Kanawha County Assessor's Office for BOLLING and found that BOLLING owns the 117 Keystone Drive and land around it, which includes a multi bay storage unit.

12. SA David Bullard requested a mail watch on 117 Keystone Drive, and he was informed that 117 Keystone Drive does not

receive mail. SA David Bullard has not been able to find any information that individuals other than BOLLING are living in any of the rooms at 117 Keystone Drive.

13. SA David Bullard listened to a recorded jail call from BOLLING to an unknown female asking her to move his "tools" from his bedroom to the room across the hall. This is consistent with the information from the SOI that BOLLING is in sole possession of the residence and all of the rooms therein.

14. On September 16, 2020, Special Agent (SA) Vincent Knoll, SA David Bullard, and SA Sean McNees, met with CI 29024 at a prearranged location. The CI advised that BOLLING had agreed to sell him/her an amount of heroin, and had instructed the CI to come to 117 Keystone Drive, Charleston WV, 25311. The CI was then searched by CPD Officer Burton as well as SA Knoll with negative results for contraband. The CI was then provided with $500.00 in ATF agent cashier funds and a recording device/transmitter was placed on the CIs person. The CI was then driven to an area in close proximity to 117 Keystone Drive, Charleston WV and was let out on foot. Other officers from the CPD and additional ATF Agents were already in the area and observed the CI walking in the area of the target location.

6

15. After arriving at 117 Keystone Drive, Charleston WV, 25311, the CI entered through the front door and then made contact with BOLLING. After meeting with BOLLING, the CI then returned to the prearranged location.

16. Once back at the prearranged location, the CI then entered the vehicle and SA McNees then deactivated the recording device. The CI then handed SA McNees a plastic baggy that contained an amount of a clear crystal like substance consistent with methamphetamine. The CI was then searched by SA McNees and was found to be free of any contraband. The CI then stated that he/she had just met with BOLLING and had purchased an amount of methamphetamine for $500.00. The CI advised that BOLLING had run out of Heroin, so the CI purchased Meth instead. The CI advised that BOLLING was wearing a yellowish/green in color shirt and jeans. The CI advised that placed on the bed beside BOLLING was a Glock, model 30, 45 caliber pistol. The CI advised he/she would be able to purchase a firearm from BOLLING. The CI also stated that Chris Smith had been present inside the residence of 117 Keystone Drive, Charleston, WV, 25311, but was not involved in the above mentioned controlled purchase.

17. On September 16, 2020, SA Knoll weighed the above mentioned suspected methamphetamine. The packaged weight of the suspected methamphetamine was approximately 10.10 grams. A field test of the suspected methamphetamine was also conducted. The field test showed a positive result for methamphetamine.

18. On September 16, 2020, SA McNees along with SA Knoll reviewed the recordings of the above mentioned controlled purchase. BOLLING is visible on the recording inside of 117 Keystone Drive, Charleston, WV 25311. BOLLING is observed talking about selling an AR style rifle and handguns just a few days prior to the above mentioned controlled purchase as well as being "behind two ounces".

19. On 19 September 20, Fayette County Sheriff's Office and Fayetteville PD conducted a traffic stop on a Silver Nissan Kick bearing (VA# UKZ7024). The driver was identified as BOLLING. During a search of the vehicle 109.5 grams of methamphetamine (individually packed in .10 gram packages) and 34 grams of Heroin (individually packaged in .10 grams) were located. In addition to the illegal narcotics seized, there was $7024.00 cash located in the vehicle believed to

8

from narcotics sales.

20. A search of BOLLING revealed a black, LG cell phone, serial number 007VTBB0081741, IMEI: 356897100768414. A recorded jail call between BOLLING and his wife revealed that BOLLING asked his wife to remotely delete the contents of his cell phone after he had been arrested.

21. I know based upon my training and experience that when individuals use "smart phones", such as a this LG phone recovered from BOLLING, in the course of a drug trafficking enterprise, evidence of their activities remain on the memory of the phone. Such evidence includes messages, contact lists, call logs, photographs of drugs, money, and co-conspirators, information relative to the ownership, registration, and usage of the device, location information in the form of address searches and mapping information relative to travel in furtherance of the enterprise as well as email communication with suppliers and customers, calendar information, ledgers, and notes.

22. This affidavit is intended to show that there is probable cause for the requested search warrant and does not purport to set forth all of my knowledge of, or investigation, into this matter.

Further, your affiant sayeth naught.

---------------------------------
David J. Bullard
Special Agent
Bureau of Alcohol, Tobacco and Firearms


Subscribed and sworn ~~before me~~ **by telephone** this the 30th day of September, 2020**, per FRCrP 4.1**

---------------------------------
Honorable Omar J. Aboulhosn
United States Magistrate Judge
Southern District of West Virginia

10